UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **TERRELL GENTRY, ROMERO RIAS, GURNEY SMITH, JAMES DENNIS, BRUCE SIZEMORE, TYLER BEYER, KORY GAUSEN, JOHN MONICA, JOSHUA MCGRAW, and JAMES SMITH,** individually and on behalf of others similarly situated, | : : : : : : : : : Civil Action No. 4:14-cv-363 |
| Plaintiffs, | : |
| v. | : |
| **SCIENTIFIC DRILLING INTERNATIONAL, INC.** | : : : |
| Defendant. | : |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ James A. Jones**
  Richard J. (Rex) Burch
  Texas Bar No. 24001807
  S.D. Tex. No. 21615
  James A. Jones
  Texas Bar No. 10908300
  S.D. Tex. No. 90
  8 Greenway Plaza, Suite 1500
  Houston, TX 77046
  Telephone: (713) 877-8788
  rburch@brucknerburch.com
  jjones@brucknerburch.com

  Shanon J. Carson
  Sarah R. Schalman-Bergen
  Alexandra K. Piazza
    BERGER & MONTAGUE, P.C.

1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

*Attorneys-In-Charge for Plaintiffs*

1. **INTRODUCTION AND SUMMARY.**

This is a wage and hour case. Plaintiffs allege Scientific Drilling International, Inc. ("Defendant" or "SDI") violated the Fair Labor Standards Act (FLSA) and related state wage and hour laws, by failing to pay certain non-exempt workers overtime pay. After years of litigation, significant information exchange, two in-person mediation sessions before an experienced mediator followed by months of continued arm's-length negotiations, the parties reached a settlement. *See* Exhibit 1, Settlement Agreement and Release (Settlement).

The Settlement will provide significant relief to the Settlement Class Members.[1] As set forth herein, the proposed Settlement is fair, reasonable, and should be approved by this Court.

2. **BACKGROUND.**

This is a collective action seeking unpaid wages owed under federal and related state wage laws. Plaintiffs, on behalf of themselves and others similarly situated, allege SDI failed to pay overtime compensation to certain non-exempt workers, including certain MWDs, Field Surveyor Technicians, Directional Drillers ("DDs"), and Wireline Operators who were paid on a salary plus day rate basis ("Field Operations Employees"). This Court granted conditional certification as an FLSA collective action as to MWDs, notice was sent to potential class members, and since that time, approximately 125 persons have joined this case as Party Plaintiffs, including the Named Plaintiffs.[2]

---

[1] The term "Settlement Class Member" means the Plaintiffs, current Opt-In Plaintiffs, and certain Field Operations Employees employed during the Class Period who were paid a salary and/or a salary and a day rate and employed in the positions of Measurement While Drilling ("MWD") and Field Surveyor Technician. Defendant has represented that there are 745 members of the Settlement Class. *See* Settlement Agreement ¶ 7(x).

[2] This action has been consolidated with a related action involving the Field Surveyor Technician employees, which was previously pending in the United States District Court for the Western District of Pennsylvania, captioned *Sizemore, et al. v. Scientific Drilling, Inc.*, No. 2:15-cv-426-LPL (W.D. Pa.). All individuals who were Plaintiffs in the *Sizemore* action are included in this Settlement.

SDI's primary defense is based on the claim that Plaintiffs are subject to the FLSA's white collar exemptions, thus exempting the Plaintiffs and the collective members from the overtime requirements of the FLSA. Plaintiffs alleged this defense would fail because they did not meet any of the duties requirements of the white collar exemptions and because they were blue collar workers.

3. **THE COURT'S ROLE IN THE APPROVAL OF AN FLSA SETTLEMENT.**

"Because, under the FLSA, parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013). "Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23." *Id.*

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355. Where the settlement occurs in the context of a lawsuit, courts typically regard this "adversarial nature … to be an adequate indicator of the fairness of the settlement." *Id.*; *Lynn's Food Stores*, 679 F.2d at 1353–54. "If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.*

4. **THE PARTIES' PROPOSED SETTLEMENT SHOULD BE APPROVED.**

Plaintiffs now seek Court approval of the parties' agreed Settlement. The Settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's exemption and compensation practices with respect to its Field Operations Employees.

**A. BONA FIDE DISPUTE EXISTED**

Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07 (1945). Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following an FLSA claim, must be the product of a bone fide dispute. *Id.* (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiffs alleged that the Field Operations Employees performed largely manual labor in routine fashion, which included rigging up and down oilfield equipment; connecting lines and cables; assembling, maintaining, and cleaning measurement while drilling and directional drilling equipment; strictly following company policies and procedures; and reporting all of their activities to their coordinators or the drill rig representative. SDI argued that the Field Operations Employees perform work related tasks by exercising their own independent judgement and discretion, make high level decisions that

affect the overall success of business projects, and that some of them are highly compensated earning in excess of $100,000 a year.

Further, Plaintiffs argued that the Field Operations Employees are similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for SDI. On the other hand, SDI maintained that it would seek decertification of the FLSA collective certified by the Court. The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that SDI acted willfully, which in turn affects whether Plaintiffs could recover dates for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs also contend that SDI would not be able to meet their burden to prove that they acted in good faith, which would implicate the amount, if any of liquidated damages. *See* 29 U.S.C. § 260. SDI maintained that, at all times, it acted in good faith, and damages (if any) should be recovered only for a two (2) year period.

As a result of all of the filings, arguments, documentation, hearings, discovery, and motions in the instant suit, the current Settlement before the Court is the result of a bone fide dispute. The parties disputed liability in this case and only through, and after mediation, were able to reach a compromise.

### B. FAIR AND REASONABLE SETTLEMENT

In determining whether the Settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D.La.2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The Settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and,

in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the parties engaged in contentious litigation, participated in two in-person mediation sessions, and reached an agreement on the Settlement, the parties then continued to engage in extensive negotiations concerning the specific terms of the settlement and the scope of the release. Indeed, it cannot be gainsaid that the Settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

Further, it is important to note that the Representative Plaintiffs, on behalf of their coworkers, deem this Settlement fair and reasonable and took an active role in this litigation, staying informed on its status almost monthly.

## C. THE PLAINTIFFS' ENHANCEMENT PAYMENTS ARE REASONABLE

The proposed Enhancement Awards are intended to recognize the Plaintiffs' initiative and efforts on behalf of the Class Members. Plaintiffs' important contributions to the Settlement is well noted: They agreed to put their name on this lawsuit and, more importantly, delayed potential resolution of their individual claims for the good of the Class Members. *See* Burch Decl. at ¶ 17. A modest amount of the payment with respect to their own claims and those of the Class is reasonable. Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during class action litigation. *McClain v. Lufkin Ind., Inc.*, 2009 WL

5

5814124 at *4 (E.D. Tex. Dec. 22, 2009); *Quintanilla v. A & R Demolition Inc.*, 2008 U.S. Dist. LEXIS 37449 at *10 (S.D. Tex. May 7, 2008) (approving award of $1,000 to named plaintiffs in collective action settlement and noting that "[s]uch awards may be made in class-action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation) (citing *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004) (approving incentive award of $ 5,000 to named plaintiffs in FLSA collective action)). *See also Manual for Complex Litigation*, §30.42 (West Group 2001).

### D. THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for unpaid overtime pay. *See, e.g.,* 29 U.S.C.A. § 216(b). Plaintiffs' counsel believes that the Settlement's provision concerning attorney's fees are fair and reasonable, as they only seek attorney's fees of 33-1/3% of the Maximum Settlement Amount and reimbursement for no more than $50,000 in expenses/costs. *See* Settlement at p. 3. SDI does not oppose these requests. As the Fifth Circuit has noted, the "customary contingency" for this type of litigation is "35 to 40 percent." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, some of the named Plaintiffs entered into a fee agreement with a 40% contingency. *See* Burch Dec. at ¶ 16. *See, e.g., Quintanilla v. A & R Demolition Inc.*, 2008 U.S. Dist. LEXIS 37449, at *23-25 (S.D. Tex. May 7, 2008) (approving 40% contingency fee award in FLSA collective action settlement); *Barnard v. Intertek USA Inc.*, No. 4:11-cv-02198 (S.D. Tex. Jan. 8, 2014) (order granting joint motion for approval of settlement [Dkt. 184]) (approving 40% contingency fee in an FLSA collective action); *Villarreal v. Source Refrigeration & HVAC, Inc.,* No. 1:12-cv-00243 (W.D. Tex., Oct. 8, 2013) (order granting joint motion for approval of settlement [Dkt. # 71]) (same).

**E. THE PROPOSED NOTICE IS REASONABLE**

To protect the rights of absent class members, the court must provide the best notice practicable to class members of a potential class action settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). The primary purpose of procedural due process is to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner. It does not guarantee any particular procedure but rather requires only notice reasonably calculated to apprise interested parties of the pendency of the action affecting their interests and an opportunity to present their objections. *See id.*

Here, the proposed Notice and manner of distribution negotiated and agreed upon by the Parties is the best notice practicable pursuant to FLSA case law. All Settlement Class Members will be provided on a class list prepared by Defendant, and the Notice will be mailed directly to the last known address of each Settlement Class Member (and to those addresses that the Settlement Administrator is able to find using reasonable investigatory methods).

The proposed Notice which is attached to the Settlement Agreement as Exhibit A, is clear and straightforward, and provides information on the meaning and nature of the terms and provisions of the Settlement Agreement; the monetary amount that the Settlement makes available to Settlement Class Members, including the allocation method, the scope of the release; the request for attorneys' fees and costs; the deadline for submitting an Opt-In Consent Form; the deadline for cashing the settlement award, and their rights should they not submit an Opt-In Consent Form (including that if they do not participate in the Settlement, they will not release any claims against Defendant). Moreover, the Opt-In Consent Form is a simple one-page form that permits Class Members to claim their money quickly and easily. Settlement Agreement, Exhibit B.

Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a notice disseminated under authority of the Court and should be approved.

5. **CONCLUSION.**

For these reasons, the proposed Settlement should be approved, the Settlement Class should be certified pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and the Notice and Claim Forms attached to the Settlement Agreement as Exhibits A and B should be approved.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ James A. Jones**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
James A. Jones
Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
jjones@brucknerburch.com

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

*Attorney-In-Charge for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

This motion is unopposed.

**/s/ James A. Jones**
_____
James A. Jones

8

## CERTIFICATE OF SERVICE

I served this document on all parties via the Court's ECF system.

**/s/ James A. Jones**

———————————————————
James A. Jones