# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| TERRELL GENTRY, ROMERO RIAS, | : | **Civil Action No. 4:14-cv-363** |
| GURNEY SMITH, JAMES DENNIS, | : | |
| BRUCE SIZEMORE, TYLER BEYER, | : | |
| KORY GAUSEN, JOHN MONICA, | : | |
| JOSHUA MCGRAW, and JAMES SMITH, | : | |
| individually and on behalf of others | : | |
| similarly situated, | : | |
|  | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
|  | : | |
| SCIENTIFIC DRILLING | : | |
| INTERNATIONAL, INC. | : | |
|  | : | |
| **Defendant.** | : | |

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Terrell Gentry, Romero Rias, Gurney Smith, James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith ("Plaintiffs"), individually and on behalf of certain similarly situated individuals, and Defendant Scientific Drilling International, Inc. ("Defendant" or "SDI") (collectively, the "Parties"), subject to the approval of the Court.

## RECITALS

2.      Plaintiffs, individually and on behalf of the Settlement Class defined below, assert that Defendant failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") related to the payment of wages and related penalties.

3.      As a result of the Parties' mediation and negotiations, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

4.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations at issue in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during the Parties' discovery and ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the

1

**EXHIBIT 1**

best interests of Plaintiffs and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein.

5.     Defendant denies the allegations in the Action and that it engaged in any wrongdoing or violation of law. Defendant is entering this Agreement to eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that collective action treatment of Plaintiffs' claims other than for purposes of this Settlement would be appropriate in the Action or any other case.

6.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court, that Plaintiffs and the Eligible Class Members' (as defined below) claims against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

7.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Action" means the lawsuits consolidated in *Gentry, et al. v. Scientific Drilling International, Inc.*, No. 4:14-cv-363 (S.D. Tex.), which includes *Sizemore v. Scientific Drilling International, Inc.*, No. 2:15-cv-426 (W.D. Pa.).

b.     "Approval Order" means the Court's Approval Order approving the terms and conditions of this Agreement and entering a final judgment.

c.     "Class Counsel" means Bruckner Burch PLLC and Berger & Montague, P.C.

d.     "Class Period" means the following:  for MWDs and Surveyors who have already joined the Action, three years prior to the date the MWD or Surveyor opted into the Action by filing an Opt-In Consent Form on the docket; for Directional Drillers and Wireline Operators, three years prior to the date they submitted Opt-In Consent forms to Class Counsel, which Class Counsel has provided to Counsel for SDI as Exhibit C; for all others, three years prior to the date of the Approval Order, if no Opt-In Consent Form was previously filed or submitted.

e.     "Court" means the United States District Court for the Southern District of Texas, Houston Division.

f.     "Defendant" or "SDI" means Scientific Drilling International, Inc.

g.     "Defendant's Counsel" means Eversheds Sutherland (US) LLP.

h. "Eligible Class Member" means all Settlement Class Members who have already submitted an Opt-In Consent Form or who timely opt-in to the Settlement Class.

i. "Effective Date" means the first business day following the Court's approval of the Settlement.

j. "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they provided to the individuals in the Action.

k. "Field Operations Employees" means certain current and former employees of Defendant employed during the Class Period who were paid a salary and/or a salary and a day rate, and who were employed by Defendant in the positions of Measurement While Drilling ("MWD"), Field Surveyor Technician, Directional Driller, and Wireline Operator.

l. "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims (as defined below) by Plaintiffs and the Eligible Class Members, which is the sum of Four Million Four Hundred and Fifty Thousand Dollars and Zero Cents ($4,450,000.00), exclusive of the employers' share of FICA and FUTA payroll taxes.

m. "Net Settlement Amount" means the Gross Settlement Amount less: (i) the payment of attorneys' fees to Class Counsel, not to exceed $1,483,333.00 which is one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel not to exceed $50,000.00; (ii) the Settlement Administrator's (as defined below) costs related to administering this Settlement, which are estimated not to exceed $30,000.00; and (iii) a Service Award to Terrell Gentry, Romero Rias and Gurney Smith, the original Plaintiffs who filed the MWD cases, in the amount of $15,000 each, and to James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith in the amount of $5,000 each. The Parties acknowledge that all of these amounts are subject to the Court's approval.

n. "Notice Deadline" means the date forty-five (45) days after the Notice of Settlement and the Opt-In Consent Form are initially mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members who have not yet submitted an Opt-In Consent Form shall have until the Notice Deadline to submit their Opt-In Consent Form. Settlement Class Members who have not already submitted Opt-In Consent Forms and/or who do not timely submit their Opt-In Consent Forms by the Notice Deadline will not be eligible to receive, and will not receive, any settlement awards, which amounts shall revert to SDI in accordance with the terms set forth in paragraph 18 of this Agreement.

o. "Notice of Settlement" means the form attached hereto as Exhibit A, subject to the approval of the Court.

p. "Opt-In Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

q. "Parties" means Plaintiffs and Defendant.

r.	"Opt-In Plaintiff" means the individuals who, as of March 17, 2017, have previously filed a Consent to Join form on the docket in *Gentry, et al. v. Scientific Drilling International, Inc.*, No. 4:14-cv-363 (S.D. Tex.) and *Sizemore v. Scientific Drilling International, Inc.*, No. 2:15-cv-426 (W.D. Pa.), and all individuals who both held the job title of Directional Driller or Wireline Operator and who have submitted Opt-In Consent Forms to Class Counsel. The Parties agree that there are currently 125 Opt-In Plaintiffs, as set forth on Exhibit C.

s.	"Plaintiffs" means Terrell Gentry, Romero Rias, Gurney Smith, James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith.

t.	"Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising from the misclassification of such Settlement Class Member as exempt from state or federal overtime laws, including or arising under the FLSA or any other state or local wage-related law applicable to the allegations asserted in or related to the Action, or which are based upon the facts alleged in the Action on behalf of the Settlement Class with respect to the time that they were employed by Defendant during the Class Period. The Parties acknowledge that only Eligible Class Members (that is, Settlement Class Members who have already opted into the Action or who timely return an Opt-In Consent Form and thereby become opt-in plaintiffs) shall release their FLSA and state or local wage and hour law claims against Releasees.

u.	"Releasees" means Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

v.	"Settlement Administrator" means Angeion Group, subject to the approval of the Court.

w.	"Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

x.	"Settlement Class" or "Settlement Class Member" means all individuals who are covered by this Settlement. This includes the Plaintiffs and current Opt-In Plaintiffs and certain Field Operations Employees employed during the Class Period who were paid a salary and/or a salary and a day rate and employed in the positions of Measurement While Drilling ("MWD") and Field Surveyor Technician. Defendant has represented that there are 745 members of the Settlement Class and Plaintiffs have relied on this number in entering this Agreement.

## RELEASES

8.	**Release**. In consideration of the benefits to be received by Terrell Gentry, Romero Rias, Gurney Smith, James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica,

4

Joshua McGraw, and James Smith and the Eligible Class Members under this Settlement, upon the Effective Date:

      a.    Plaintiffs Terrell Gentry, Romero Rias, Gurney Smith, James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw and James Smith, on their own behalf and on behalf of all Eligible Class Members, shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, any and all claims arising under federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, or public policy; any and all claims that were asserted or that could have been asserted in the Action; any and all claims for breach of contract, arising in tort, or arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Approval Order, however claims for workers' compensation are excluded from the scope of this release; and

      b.    Plaintiffs hereby acknowledge, agree and confirm that they have permission and authority to act on behalf of the Eligible Class Members for purposes of this Settlement Agreement, including with respect to the release and discharge described in Paragraph 8a. By Plaintiffs' signature on this Agreement, Eligible Class Members (as defined above) shall be deemed to have released and discharged the Releasees from the Released Claims and all claims described Paragraph 8a.

## SETTLEMENT IMPLEMENTATION

9.    The Parties agree to the following procedures for obtaining approval of the Settlement:

      a.    **Request for Approval Order**. Within five (5) business days from the execution of this Settlement Agreement, Plaintiffs shall file a Motion for Approval of Settlement Agreement, requesting that the Court approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only and approve the Notice and Claims forms attached hereto as Exhibits A and B.

b.     **Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Notice of Settlement and Opt-In Consent Form to all Settlement Class Members.

c.     By no later than fifteen (15) business days following the Effective Date, Defendant shall provide the Settlement Administrator with the names, last known addresses, social security numbers, and W-2 information (as an excel spreadsheet) for the Settlement Class Members who worked for Defendant during the Class Period (collectively, the "Class List").

d.     To provide the best notice practicable, the Settlement Administrator, prior to mailing the Notice of Settlement and Opt-In Consent Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

e.     Within ten (10) business days after receiving the Class List, the Settlement Administrator shall send copies of the Court-approved Notice of Settlement and Opt-In Consent Form to all Settlement Class Members via U.S. first class mail, with an enclosed self-addressed postage prepaid return envelope. The Opt-In Consent Form may be returned via U.S. first class mail, email, facsimile, or via an established electronic signature service (such as Docusign) provided that they are submitted during the Notice Period.

f.     On the thirtieth (30th) day following the Settlement Administrator's mailing of the Court approved Notice of Settlement, the Settlement Administrator shall send a reminder postcard to all Settlement Class Members via U.S. first class mail that have not already submitted an Opt-In Consent Form.

g.     Any Notice of Settlement and Opt-In Consent Form returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) calendar days following receipt of the returned mail. If any Notice of Settlement and Opt-In Consent Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address within three (3) calendar days, and shall re-mail the Notice of Settlement and Opt-In Consent Form to any newly found addresses within three (3) calendar days of finding the new address(es). Defendant shall provide within three (3) business days of a request from the Settlement Administrator the birthdate of such persons for which the Settlement Administrator undertakes a skip trace. Nothing in this Agreement shall limit Defendant's right and ability to communicate with its current employees, including those who are Settlement Class Members, regarding their wages or other terms and conditions of employment. Defendant may communicate with its current employees who are Settlement Class Members for the purpose of encouraging them to participate in the Settlement, so long as such communications are consistent with this Settlement Agreement.

10.     **Interim Report by the Settlement Administrator**. Within five (5) business days after the Notice Deadline, the Settlement Administrator shall confirm (a) the total number and names of Settlement Class Members who were sent the Notice of Settlement and Opt-In Consent Form; and (b) the total number of Settlement Class Members who timely returned an Opt-In Consent Form including the date of receipt for each Opt-In Consent Form. The Settlement Administrator shall also provide the Parties with weekly reports identifying the total number and

names of Settlement Class Members who timely returned the Opt-In Consent Form and the amount of the Net Settlement Fund claimed.

11. **Dismissal of the Action.** Within sixty (60) calendar days of the Court entering the Approval Order, Class Counsel shall dismiss the Action with prejudice.

## SETTLEMENT FUNDS AND AWARD CALCULATION

12. **Gross Settlement Amount**.

a. **Deposit**. Defendant shall be permitted to fund the settlement in two stages.

First, within ten (10) calendar days of the Effective Date, Defendant shall electronically transfer Two Million Four Hundred and Fifty Thousand Dollars ($2,450,000.00) of the Four Million Four Hundred and Fifty Thousand Dollars ($4,450,000.00) Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within three (3) business days after receipt of the funds. Defendant shall execute and return this document to the Settlement Administrator, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

Second, within forty-five (45) calendar days of the Effective Date, Defendant shall electronically transfer the remaining Two Million Dollars ($2,000,000.00) of the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to the Qualified Settlement Fund. The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within three (3) business days after receipt of the funds. Defendant shall execute and return this document to the Settlement Administrator, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

b. **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

c. **Interest**. Any interest on the funds deposited by Defendant will inure *pro rata* to the Party or persons to whom the underlying funds are ultimately paid out.

13. **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a. **Service Awards**. Subject to the Court's approval, Terrell Gentry, Romero Rias and Gurney Smith shall receive Fifteen Thousand Dollars ($15,000.00) and James Dennis,

Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith shall each receive Five Thousand Dollars ($5,000.00) for their efforts in bringing and prosecuting the Action, and in consideration of the general release set forth above in Paragraph 8(a). The Qualified Settlement Fund shall issue an IRS Form 1099 for this payment. Terrell Gentry, Romero Rias, Gurney Smith, James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith shall be solely and legally responsible for all taxes on the Service Award. This payment shall be made no later than ten (10) business days following the close of the Notice Period. The Court's reduction of any Service Award herein below the ceiling identified shall not otherwise affect the enforceability of this Agreement.

   b. **Attorneys' Fees and Costs**.

    (i) Subject to the Court's approval, Class Counsel shall receive attorneys' fees in the amount of $1,483,333.00 which is one-third (1/3) of the Gross Settlement Amount, and which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court in an amount not to exceed $50,000.00. These payments of attorneys' fees and costs shall be made no later than ten (10) business days following the Effective Date. The Court's reduction of any Attorneys' Fees requested herein below the amount described in this subsection shall not otherwise affect the enforceability of this Agreement.

    (ii) The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in the Action on behalf of Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf any Eligible Class Member.

    (iii) An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

   c. **Settlement Administration Costs**. Settlement Administration costs are estimated not to exceed $30,000.00 and shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

   d. **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Eligible Class Members as set forth below.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

   14. **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. The Settlement Administrator will calculate

40351638.2

an award for each Settlement Class Member based on the total compensation, the total number of weeks worked during the Class Period, and the position that the respective Settlement Class Member held for Defendant during the Class Period. Plaintiffs will ensure that the formula for calculating damages also takes into consideration the relative litigation risks associated with the classification of the different employees of Defendant. The formula for calculating damages shall also take into consideration the relative litigation risks associated with the possible statutes of limitation. Thus, all damages for the third year of a 3-year statute of limitations shall be reduced by 50%. All Settlement Award determinations shall be based on Defendant's payroll and workweek information for Settlement Class Members.

15.     Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 25% supplemental wage tax rate. Defendant shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund after all the Settlement Awards are mailed to Eligible Class Members, in addition to the Gross Settlement Amount. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Each Eligible Class Member shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the IRS Form 1099 reporting for the non-wage portion of each Settlement Award.

16.     The Settlement Administrator shall provide counsel for the Parties with a final report of all proposed Settlement Awards to Eligible Class Members, no more than fifteen (15) calendar days following the close of the Notice Period. Within fifteen (15) calendar days following the close of the Notice Period, the Settlement Administrator shall also provide counsel for the Parties with a final report of all amounts calculated for the Settlement Class Members who do not timely return Opt-In Consent Forms, which amounts will remain in the Qualified Settlement Fund until they are returned to Defendant in accordance with this Agreement.

17.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within thirty (30) calendar days following the close of the Notice Period or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within three (3) business days of mailing all Settlement Awards to Eligible Class Members.

18.     Award amounts calculated for Settlement Class Members who do not timely return their Opt-In Consent Forms shall remain in the Qualified Settlement Fund until such amounts (along with any accrued interest) are returned to Defendant in accord with Paragraph 20, below.

DocuSign Envelope ID: 9E72FA85-0F5A-439D-ABE9-A6660C36F343

19.    All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) calendar days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund. The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled and deemed void and of no further effect. The Settlement Administrator may contact Eligible Settlement Class Members who have not yet cashed their check during the last sixty (60) days of the check cashing period to remind them to do so.

20.    **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, those remaining monies (including the remaining monies identified in Paragraph 18, above), along with any accrued interest on such monies, shall be paid to Defendant.  The Settlement Administrator must make such payment to Defendant within five (5) business days of the date upon which the Settlement Administrator files a final tax return on behalf of the QSF and makes any final payment for taxes owed on behalf of the QSF.

21.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendant or the Releasees, the Settlement Class Members, Class Counsel, Defendant's Counsel or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

22.    **Defendant's Legal Fees.** Defendant's legal fees and expenses in the Action shall be borne by Defendant.

23.    **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement. If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed, and the Parties will equally pay the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void.

24.    **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

25.    **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or

40351638.2

DocuSign Envelope ID: 9E72FA8F-0F5A-4389-ABE9-A6660C36F343

legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

26. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

27. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

28. **Entire Settlement Agreement.** This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

29. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.

30. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Defendant and the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

31. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email or electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument.

32. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

33. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

34. **Confidentiality of Material Provided to Class Counsel.** All materials provided by Defendant to Class Counsel or the Settlement Administrator shall be kept confidential. No later

40351638.2

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____      Date: ___5/26/2018___, 2018
TERRELL GENTRY

_____      Date: ___5/28/2018___, 2018
ROMERO RIAS

_____      Date: _____, 2018
GURNEY SMITH

_____      Date: _____, 2018
JAMES DENNIS

_____      Date: _____, 2018
BRUCE SIZEMORE

_____      Date: _____, 2018
TYLER BEYER

_____      Date: _____, 2018
KORY GAUSEN

_____      Date: _____, 2018
JOHN MONICA

_____      Date: _____, 2018
JOSHUA MCGRAW

_____      Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____      Date: _____, 2018
Richard J. (Rex) Burch

12

DocuSign Envelope ID: 5CAB4107-FD09-4598-8F45-AEED01744881

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____ Date: _____, 2018
TERRELL GENTRY

_____ Date: _____, 2018
ROMERO RIAS

_____ Date: 5/17/2018\_\_\_\_\_, 2018
GURNEY SMITH

_____ Date: _____, 2018
JAMES DENNIS

_____ Date: _____, 2018
BRUCE SIZEMORE

_____ Date: _____, 2018
TYLER BEYER

_____ Date: _____, 2018
KORY GAUSEN

_____ Date: _____, 2018
JOHN MONICA

_____ Date: _____, 2018
JOSHUA MCGRAW

_____ Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____ Date: _____, 2018
Richard J. (Rex) Burch

40351638.2

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____   Date: _____, 2018
TERRELL GENTRY

_____   Date: _____, 2018
ROMERO RIAS

_____   Date: _____, 2018
GURNEY SMITH

_James Dennis_____   Date: 5/16/2018_____, 2018
JAMES DENNIS

_____   Date: _____, 2018
BRUCE SIZEMORE

_____   Date: _____, 2018
TYLER BEYER

_____   Date: _____, 2018
KORY GAUSEN

_____   Date: _____, 2018
JOHN MONICA

_____   Date: _____, 2018
JOSHUA MCGRAW

_____   Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____   Date: _____, 2018
Richard J. (Rex) Burch

12

40351638.2

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____          Date: _____, 2018
TERRELL GENTRY

_____          Date: _____, 2018
ROMERO RIAS

_____          Date: _____, 2018
GURNEY SMITH

_____          Date: _____, 2018
JAMES DENNIS

_____          Date: 5/16/2018____, 2018
BRUCE SIZEMORE

_____          Date: _____, 2018
TYLER BEYER

_____          Date: _____, 2018
KORY GAUSEN

_____          Date: _____, 2018
JOHN MONICA

_____          Date: _____, 2018
JOSHUA MCGRAW

_____          Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____          Date: _____, 2018
Richard J. (Rex) Burch

12

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: _____, 2018
TERRELL GENTRY

_____     Date: _____, 2018
ROMERO RIAS

_____     Date: _____, 2018
GURNEY SMITH

_____     Date: _____, 2018
JAMES DENNIS

_____     Date: _____, 2018
BRUCE SIZEMORE

_____     Date: 5/19/2018 , 2018
TYLER BEYER

_____     Date: _____, 2018
KORY GAUSEN

_____     Date: _____, 2018
JOHN MONICA

_____     Date: _____, 2018
JOSHUA MCGRAW

_____     Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____, 2018
Richard J. (Rex) Burch

12

40351638.2

DocuSign Envelope ID: 7507CB54-275F-433C-B815-37A6BCA2AB86

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: _____, 2018
TERRELL GENTRY

_____     Date: _____, 2018
ROMERO RIAS

_____     Date: _____, 2018
GURNEY SMITH

_____     Date: _____, 2018
JAMES DENNIS

_____     Date: _____, 2018
BRUCE SIZEMORE

_____     Date: _____, 2018
TYLER BEYER

_Kory Gausen_ _____     Date: 5/16/2018 _____, 2018
N

_____     Date: _____, 2018
JOHN MONICA

_____     Date: _____, 2018
JOSHUA MCGRAW

_____     Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____, 2018
Richard J. (Rex) Burch

12

40351638.2

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date: _____, 2018
TERRELL GENTRY

_____  Date: _____, 2018
ROMERO RIAS

_____  Date: _____, 2018
GURNEY SMITH

_____  Date: _____, 2018
JAMES DENNIS

_____  Date: _____, 2018
BRUCE SIZEMORE

_____  Date: _____, 2018
TYLER BEYER

_____  Date: _____, 2018
KORY GAUSEN

_____  Date: 5/16/2018 _____, 2018
JOHN MOSCA

_____  Date: _____, 2018
JOSHUA MCGRAW

_____  Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____  Date: _____, 2018
Richard J. (Rex) Burch

12

40351638.2

DocuSign Envelope ID: 28FA7912-8493-4203-A9DA-5281EB3D8145

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____   Date: _____, 2018
TERRELL GENTRY

_____   Date: _____, 2018
ROMERO RIAS

_____   Date: _____, 2018
GURNEY SMITH

_____   Date: _____, 2018
JAMES DENNIS

_____   Date: _____, 2018
BRUCE SIZEMORE

_____   Date: _____, 2018
TYLER BEYER

_____   Date: _____, 2018
KORY GAUSEN

_____   Date: _____, 2018
JOHN MONICA

_____   Date: 5/16/2018 _____, 2018
JOSHUA MCGRAW

_____   Date: _____, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____   Date: _____, 2018
Richard J. (Rex) Burch

12

than thirty (30) calendar days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: _____, 2018
TERRELL GENTRY

_____     Date: _____, 2018
ROMERO RIAS

_____     Date: _____, 2018
GURNEY SMITH

_____     Date: _____, 2018
JAMES DENNIS

_____     Date: _____, 2018
BRUCE SIZEMORE

_____     Date: _____, 2018
TYLER BEYER

_____     Date: _____, 2018
KORY GAUSEN

_____     Date: _____, 2018
JOHN MONICA

_____     Date: _____, 2018
JOSHUA MCGRAW

_____     Date: _5/16/2018_, 2018
JAMES SMITH

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: 6/25, 2018
Richard J. (Rex) Burch

12

40351638.2

Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

_____          Date: 5/16/2018 _____, 2018

Shanon Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103

**DEFENDANT SCIENTIFIC DRILLING INTERNATIONAL, INC.**

_____          Date: June 3 _____, 2018

Title: CEO and President

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL**

_____          Date: July 6 _____, 2018

Scott McLaughlin
Eversheds Sutherland (US) LLP
1001 Fannin St., Suite 3700
Houston, Texas 77002

DocuSign Envelope ID: 9E72FA9E-0F5A-4399-ABE9-A6660C36F343

# **EXHIBIT A**
## **Notice to Settlement Class Members**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **TERRELL GENTRY, ROMERO RIAS,** | : | **Civil Action No. 4:14-cv-363** |
| **GURNEY SMITH, JAMES DENNIS,** | : | |
| **BRUCE SIZEMORE, TYLER BEYER,** | : | |
| **KORY GAUSEN, JOHN MONICA,** | : | |
| **JOSHUA MCGRAW, and JAMES SMITH,** | : | |
| **Individually and on Behalf of Others** | : | |
| **Similarly Situated,** | : | |
|  | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
|  | : | |
| **SCIENTIFIC DRILLING** | : | |
| **INTERNATIONAL, INC.** | : | |
|  | : | |
| **Defendant.** | : | |

## NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY

This Notice of Settlement contains important information concerning your rights and explains the lawsuit, the terms of the Settlement, and your rights and obligations under the Settlement.

**To:**   «First_Name» «Last_Name»

**Re:**   **Your Right to Overtime Pay from Settlement with Scientific Drilling International, Inc.**

| INTRODUCTION |
|---|

You are getting this Notice because you already joined a lawsuit against Scientific Drilling International, Inc. ("Defendant" or "SDI") as an Opt-In Plaintiff, or because SDI's records show that during the relevant time period applicable to this Settlement, you worked for SDI as a Measurement While Drilling ("MWD") or Survey Field Technician and were not paid overtime compensation. Because you fit this definition, **you are entitled to receive money from a Settlement in this case, as described below**.

The Plaintiffs filed a lawsuit alleging that this type of pay practice violates the Fair Labor Standards Act ("FLSA"), the federal statute governing overtime pay. SDI denies these allegations. After over

1

40351638.2

DocuSign Envelope ID: 9E72FA85-0E5A-4399-ABE9-A6660C36F341

two years of discovery, discussions, exchanges of information, and negotiations, the Parties have reached a proposed Settlement. The Settlement is the result of arms'-length negotiations between the Parties through their respective attorneys. The Parties agree that in light of the risks, uncertainties, and expenses associated with continued litigation, the Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class Members.

The Court has approved the Settlement and authorized this Notice of Settlement to be distributed to the Settlement Class Members, which includes you. If you have already submitted an Opt-In Consent Form seeking to join an action against SDI, you do not need to do anything. If you have not already submitted an Opt-In Consent Form, you can receive money under the settlement if you join this lawsuit and fill out the attached Opt-In Consent Form and return it by **«NOTICE DEADLINE»**.

### WHAT ARE MY OPTIONS WITH RESPECT TO THE SETTLEMENT?

**If you have already submitted an Opt-In Consent Form,** you will automatically receive a payment in this Settlement.

**If you have not already joined this action**, you may choose to: (1) participate in the Settlement and receive a Settlement Payment by timely returning an Opt-In Consent Form; or (2) do nothing and receive no compensation from the Settlement.

If you decide not to participate in the Settlement, the Settlement will not affect you or your rights in any way.

### HOW CAN I PARTICIPATE IN THE SETTLEMENT AND WHAT WILL I RECEIVE IF I PARTICIPATE?

SDI has agreed to pay Four Million Four Hundred and Fifty Thousand Dollars and Zero Cents ($4,450,000.00) to settle this Action. Deductions from this amount will be made for attorneys' fees for Class Counsel of up to one-third (1/3) of the gross settlement amount (*i.e.*, $1,483,333.00) plus their out-of-pocket costs, which are not expected to exceed $50,000.00; settlement administration costs not to exceed $30,000.00; and service awards in the amount of $15,000 to Named Plaintiffs Terrell Gentry, Romero Rias and Gurney Smith and $5,000.00 to Named Plaintiffs James Dennis, Bruce Sizemore, Tyler Beyer, Kory Gausen, John Monica, Joshua McGraw, and James Smith for their service to the Settlement Class. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who return Opt-In Consent Forms.

Specifically, all Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total compensation they received, the total number of weeks they worked, and the position they worked in, during the earlier of three years prior to the date the existing Opt-In Plaintiff joined this action, or three years prior to the date of the Approval Order, if no Opt-In Consent Form was previously submitted.

40351638.2

DocuSign Envelope ID: 9E72FA8E-0F5A-438D-ABE9-A6660C36F343

The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

All Settlement Award determinations will be based on SDI's personnel and payroll records. The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you receive a Settlement Award, you will have 180 days to cash your check that will be sent to you by the Settlement Administrator. In exchange for cashing your check and obtaining your Settlement Award, each Eligible Class Member has agreed to the following release of claims:

> any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising from the misclassification of such Settlement Class Member as exempt from state or federal overtime laws, including or arising under the FLSA or any other state or local wage-related law applicable to the allegations asserted in or related to the Action, or which are based upon the facts alleged in the Action on behalf of the Settlement Class with respect to the time that they were employed by Defendant during the Class Period. Only Settlement Class Members who have already opted into the Action or who return a Opt-In Consent Form and thereby become opt-in plaintiffs shall release their FLSA and state or local wage and hour law claims against Releasees ("Released Claims").

If you are already an Opt-In Plaintiff in this action, you do not need to do anything to receive a Settlement Payment.

If you have not already joined this action, in order to receive a Settlement Payment from this Settlement, **you must** complete, sign, and mail, fax or email the enclosed Opt-In Consent Form to the Settlement Administrator at the address listed below. <u>Your Opt-In Consent Form must be received by or postmarked by **«NOTICE DEADLINE»**.</u>

The Settlement Administrator is Angeion Group. Signed Opt-In Consent Forms sent to the Settlement Administrator should be sent in the enclosed postage-paid envelope, or in an envelope addressed as follows:

40351638.2

DocuSign Envelope ID: 9E72FA8F-0F5A-438D-ABE9-A6660C36F343

Scientific Drilling Settlement Administration
c/o Angeion Group
[INSERT]
[INSERT]
[INSERT]

You may also email the Signed Opt-In Consent Form to _____, fax it to _____, or submit it via DocuSign to _____.

**To be effective, the Opt-In Consent Form must be completed in full and signed.**

If you lose or misplace your Opt-In Consent Form, a copy of the Opt-In Consent Form may also be obtained by contacting the Settlement Administrator at the above address.

**WHAT HAPPENS IF I SUBMIT AN OPT-IN CONSENT FORM?**

If you return the Opt-In Consent Form by **«NOTICE DEADLINE»**:

A.   You will be acknowledging that you are joining this lawsuit and are represented by Bruckner Burch PLLC and Berger & Montague, P.C. ("Class Counsel") and that you will be bound by the terms of the Settlement Agreement. If you submit an Opt-In Consent Form, you do not have to pay Class Counsel any money directly. SDI is paying attorneys' fees and costs as part of the Settlement.

B.   As shown on the attached Opt-In Consent Form, if you join this lawsuit and submit a claim you will be waiving and releasing any and all claims for unpaid wages or overtime against SDI and their past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers during the relevant Class Period through _____ (Date of Court Approval).

C.   You will receive your settlement payment.

**CAN SDI RETALIATE AGAINST ME FOR PARTICIPATING IN THIS ACTION?**

No. If you are a current employee of SDI, your decision as to whether or not to participate in this Action will in no way affect your employment with SDI. It is illegal for SDI to take any adverse employment action against you as a result of your participating in this Action.

4

## **TAXES**

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of alleged claims for penalties, liquidated damages, interest, and all other non-wage recovery. With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portion will be subject to required withholdings and deductions by the Settlement Administrator and will be reported as wage income on a Form W-2 to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law. With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

## **WHAT IF I HAVE OTHER QUESTIONS?**

This Notice is only a summary. If you have additional questions, you can call the Settlement Administrator at _____.

You may also contact the attorneys for the Settlement Class Members in the Action. Here is their contact information:

Richard J. Burch
Bruckner Burch, PLLC
8 Greenway Plaza,
Suite 1500
Houston, TX 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

Shanon Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA. 19103
Telephone: (215) 875-3033
Facsimile: (215) 7875-4604
scarson@bm.net

Please do not contact the Court regarding this settlement. The Court must remain neutral in this matter and cannot offer you advice.

DocuSign Envelope ID: 9E72FA3F-0F5A-439D-ABE9-A6660C36F343

**<u>EXHIBIT B</u>**
**Opt-In Consent Form**

## OPT-IN CONSENT FORM

*Gentry, et al. v. Scientific Drilling International, Inc.*, No. 4:14-cv-363 (S.D. Tex.)

### COMPLETE AND MAIL, FAX OR EMAIL THIS FORM TO:

Attn: Scientific Drilling International Overtime Settlement

[INSERT]

Telephone Number: _____

Fax Number: _____

Email Address: _____

| | |
|---|---|
| **CLAIMANT INFORMATION:** | **Claim No.:** |
| [INSERT CLAIMANT NAME AND ADDRESS] | If different than the preprinted data to the left, please print your correct legal name, current address and Social Security Number here: |

**Telephone No.:**

**Email Address:**

### TO RECEIVE YOUR SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS OPT-IN CONSENT FORM POSTMARKED BY _____, 201_.

If your address changes, you must send the Settlement Administrator your new address. It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective action settlement, including of all Released Claims as set forth in the NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT.

Date:_____                         _____

                                              Signature

1

DocuSign Envelope ID: 9E72FA8F-0F5A-438B-ABE9-A6660C36F343

**<u>EXHIBIT C</u>**
**Opt-In Plaintiff List**

40351638.2

DocuSign Envelope ID: 9E72FA8E-0E5A-488D-ABE9-A6660C36F341

## Opt-In Plaintiff List

| | | |
|---|---|---|
| 1 | Adam | Anderson |
| 2 | Margarito | Archuleta |
| 3 | Stephen | Ary |
| 4 | Erick | Baker |
| 5 | Nathan | Bare |
| 6 | Chase | Baron |
| 7 | Shannon | Beall |
| 8 | Ronald W | Beaty, Jr. |
| 9 | Eddie Bruce | Bennett |
| 10 | Tyler | Beyer |
| 11 | Eric Sean | Blackwell |
| 12 | John | Blackwood |
| 13 | Zachary J. | Blenkinsopp |
| 14 | Alex L | Blodgett |
| 15 | Terry | Bonnarens |
| 16 | Dale S. | Boykin |
| 17 | Marty J. | Buck |
| 18 | Juan | Calderon |
| 19 | Gary | Carmouche |
| 20 | Ronald | Carter |
| 21 | Shelby | Carter |
| 22 | Kiel D | Cathey |
| 23 | Jeffrey | Cavazos |
| 24 | Chase | Chiasson |
| 25 | Lonnie J | Clevenger |
| 26 | James O | Clevenger III |
| 27 | Chance | Coldiron |
| 28 | Zachary | Craig |
| 29 | Daniel Caleb | Dees |
| 30 | Joshua | Denning |
| 31 | James M | Dennis |
| 32 | Daniel | Derry |
| 33 | Justin | Edwards |
| 34 | Cameron | Elliott |
| 35 | Ridrigo | Escamilla |
| 36 | Carl L | Evans |
| 37 | Robert M | Fields |
| 38 | Brandon | Fruge |
| 39 | John C | Gamez |
| 40 | David | Garcia |
| 41 | Kory | Gausen |

1

| 42 | Terrell G | Gentry |
| 43 | David | Geyer |
| 44 | Jason | Glover |
| 45 | William J | Glover |
| 46 | Leon L. | Godbey |
| 47 | Juan Manuel | Gomez |
| 48 | Mitchell | Groszkiewicz |
| 49 | Derek J | Harrison |
| 50 | Chad R | Hatcher |
| 51 | Kelly | Hedge |
| 52 | Patrick | Hellman |
| 53 | Thomas J. | Herbert, Jr. |
| 54 | Darryl | Hill |
| 55 | Corey | Homa |
| 56 | James | Hosey Jr. |
| 57 | John M. | Howell |
| 58 | Colte | James |
| 59 | Robin B | Johnson |
| 60 | Brad | Kana |
| 61 | William B | Kanavalov |
| 62 | Justin | Kawaguchi |
| 63 | Jerry | Kawaguchi |
| 64 | Samuel | Kelly |
| 65 | Aaron | Knight |
| 66 | Leon | Lamar |
| 67 | John C | Lambert |
| 68 | Leon | Laskowski |
| 69 | Kevin | Lee |
| 70 | Robert | Lee |
| 71 | Danny | Legorreta |
| 72 | Daniel | Legorretta |
| 73 | Jack | Line |
| 74 | Denny | Lo |
| 75 | Robert I | Lucero |
| 76 | Keo L | Lutu |
| 77 | Nathan | Lutu |
| 78 | John | MacDonald |
| 79 | Hilton | Maldonado, Jr. |
| 80 | Richard | Marek |
| 81 | Kodi | Marion |
| 82 | Damon Dean | Martin |
| 83 | Martin | Martinez |
| 84 | Mark | Maynard |

2

DocuSign Envelope ID: 9E72FA8E-0F5A-4380-ABE9-A6660C36F341

| 85 | Hunter | McAtee |
| 86 | Joshua | McGraw |
| 87 | Dennis | McIntire |
| 88 | Donal | Meidinger |
| 89 | Brian | Meyer |
| 90 | Andrew | Mikeska |
| 91 | Merrick | Mitchell |
| 92 | John | Monica |
| 93 | Brandon L | Morrison |
| 94 | Jorge M | Munoz |
| 95 | Leland A | Myers |
| 96 | Timothy | Nash |
| 97 | Stephen A. | Newberry, Jr. |
| 98 | Austin | Noah |
| 99 | Joshua P | Norby |
| 100 | Brandon K | Norman |
| 101 | Lance | Peak |
| 102 | Jonathan S | Quimby |
| 103 | Jason | Randall |
| 104 | Romero R | Rias |
| 105 | Matthew E | Rutherford |
| 106 | John | Salazar |
| 107 | Rawls C | Sellers |
| 108 | Michael | Shults |
| 109 | Michael | Shumake |
| 110 | Phouth | Sittaphone |
| 111 | Bruce | Sizemore |
| 112 | Gurney | Smith |
| 113 | James | Smith |
| 114 | James | Smith |
| 115 | John W | Stark |
| 116 | Jose | Tamayo |
| 117 | William | Tucker |
| 118 | Travis | Tyler |
| 119 | Godsent | Ukpan |
| 120 | Corey | Vogel |
| 121 | Joshua | Von Plonski |
| 122 | Daniel | Weatherly |
| 123 | Nathan | Willis |
| 124 | Thomas R | Wise Jr. |
| 125 | Keith | Young |

40351638.2